

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| FARID FATA,                             § | |
|      Plaintiff,                       § | |
|                                              § | |
| vs.                                     § | Civil Action No.: 2:22-1368-MGL |
|                                              § | |
| BRIAN K. DOBBS, A. MENDOZA, STEPHEN§ | |
| HOEY, DO, and K. NOLTE *(HSA)*,         § | |
|      Defendants.                     § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Farid Fata (Fata) filed a complaint against Defendants Brian K. Dobbs (Dobbs), A. Mendoza (Mendoza), Stephen Hoey, DO (Hoey), and K. Nolte (Nolte) (collectively, Defendants). He alleges violations of his Eighth Amendment rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

This matter is before the Court for review of the Report and Recommendation of the Magistrate Judge (Report) recommending the Court grant Defendants' motion to dismiss. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 21, 2022.  Fata objected on November 3, 2022, and filed a notice of new events related to his claim on November 30, 2022.  Defendants failed to file any reply.  The Court has reviewed the objections, but holds them to be without merit.  Moreover, it has reviewed Fata's notice, and determines it fails to change the result.  It will therefore enter judgment accordingly.

The Report sets forth a thorough recitation of the facts of this case, which the Court will repeat only to the extent necessary to its analysis in this order.

For the most part, Fata makes nothing more than non-specific objections to the Report.  Nevertheless, in an abundance of caution, the Court has teased out several arguments, which it will briefly address below.

As an initial matter, Fata's complaint focuses on Defendants' alleged failure to implement precautionary measures in response to COVID-19 at his facility (the COVID claim).  But, in Fata's response to Defendants' motion and even more so in his objections to the Report, Fata alleges Defendants also failed to address his neutropenia (low white blood cell count) (the neutropenia claim).

He contends his neutropenia, which was exacerbated by his long-COVID, is causing frequent and dangerous infections.  But, according to Fata, Defendants delayed in sending him to see a specialist, and have refused to provide him with G-CSF (Neupogen), the medication he claims he needs.

As the Magistrate Judge correctly noted, even construing his complaint liberally, Fata entirely failed to allege the neutropenia claim.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

2

(instructing that courts must liberally construe pro se pleadings). And, although Fata avers he discovered the circumstances giving rise to the neutropenia claim after he filed the complaint, he has yet to move to amend it. As a result, it is not properly before this Court. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing[.]").

But, the Court will decline to provide Fata an opportunity to amend his pleadings, because, as explained below, his neutropenia claim would fail because it is incognizable under *Bivens*.

Although most of Fata's remaining contentions appear to focus on the neutropenia claim, the Court will construe them as implicating both causes of action.

Before turning to those arguments, however, the Court will provide a brief primer on the Supreme Court's recent *Bivens* jurisprudence. It has counseled that "in most every case, . . . no *Bivens* action may lie." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022). Moreover, it emphasized that, "absent utmost deference to Congress' preeminent authority in this area, the courts arrogate legislative power." *Id.* (internal quotation marks omitted) (internal citation omitted) (internal brackets omitted).

Under this updated guidance, "[i]f there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (internal quotation marks omitted) (internal citation omitted). The Supreme Court explained the issue of whether there is a *Bivens* cause of action for an alleged constitutional violation "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Id.*

The Supreme Court has articulated that when considering whether a claim presents a new *Bivens* context—a factor in determining whether Congress is better equipped to create a remedy

3

and previously the first step of the inquiry—the Court must consider whether "the case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017). It provided examples of meaningful differences, including:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 140. Thus, cases that appear similar at first glance may nevertheless present a new *Bivens* context.

Fata maintains "there is no rational reason (not even one) to pause" and refrain from implying a cause of action under *Bivens* as to his COVID and neutropenia claims. Objections at 3 (quotation marks omitted).

First, Fata argues that his claims, particularly his neutropenia claim, are similar to the facts in *Carlson v. Green*, 446 U.S. 14 (1980), one of the three cases in which the Supreme Court recognized a *Bivens* cause of action. He recognizes, however, that his claims "may represent a modest extension of Bivens[.]" Objections at 10–11.

In *Carlson*, the estate of a deceased federal prisoner claimed prison officials had been deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. 446 U.S. at 16. They alleged officials refused to transfer the prisoner to a facility equipped to manage his serious chronic asthmatic condition and failed to give him competent medical care for eight hours during an asthmatic attack, including administering contraindicated drugs that worsened the attack, attempting to use a known inoperative respirator, and delaying taking him to a hospital. *Id.* at 16 n. 1.

To the extent Fata advances the argument as to the COVID claim, the Court rejects it. The case law cited by Fata in his notice is inapposite or nonbinding on this Court. Rather than alleging, like in *Carlson*, that Defendants withheld necessary medical care, Fata alleges in this claim that Defendants failed to take required preventative measures to curb the spread of the virus. The situation in *Carlson* thus differs significantly from Fata's COVID claim.

On the other hand, Fata's neutropenia claim is more similar. Like *Carlson*, it involves an allegation of deliberate indifference to serious medical needs by failing to treat an existing condition.

But, there are also several important distinctions. Although Fata alleges neutropenia can be fatal, especially if untreated, he fails to allege an acute emergency like in *Carlson*. And, fortunately, unlike in *Carlson*, any failures of prison officials have resulted in no fatal incident.

Notably, Fata admits that prison officials have provided him with antibiotics to treat his infections, although he complains they fail, without Neupogen, to prevent recurrence. This contrasts with *Carlson*, where the only medicine Carlson received during his medical emergency was contraindicated. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (holding "[d]isagreements between an inmate and a physician over the inmate's proper medical care" are insufficient to raise an Eighth Amendment claim pursuant to Section 1983 absent exceptional circumstances).

The Court determines that there are meaningful differences between Fata's claims and the claims in *Carlson* and thus they present new *Bivens* contexts. The Court thus overrules this objection.

Second, Fata argues Congress is in no better position than the courts to create a remedy as to his claims. The Court disagrees. "[T]he political branches are indeed 'better equipped to decide

5

whether existing remedies should be augmented by the creation of a new judicial remedy.'" *Tate v. Harmon*, 54 F.4th 839, 848 (4th Cir. 2022) (quoting *Egbert*, 142 S. Ct. at 1804). As recognized in *Tate*, the courts are "are ill-suited to 'predict the systemwide consequences of recognizing a cause of action under *Bivens*,' and even . . . 'uncertainty' on that question 'forecloses relief.'" *Id.* (quoting *Egbert*, 142 S. Ct. at 1803, 1804).

Congress has failed to create a statutory damage remedy equivalent to *Bivens*, despite the Supreme Court's recent signaling that it would no longer serve as the backstop to mitigate against any legislative inertia. It is not for the Supreme Court, much less this Court, to second guess Congress's decision to refrain from doing so. For that reason, the Court determines Congress is better situated to provide a damages remedy.

Because the Court has identified a single rational reason to refrain from implying a cause of action under *Bivens*, it need not determine if there are more. Moreover, it also need not delve into Fata's objections regarding the Magistrate Judge's determination that his neutropenia claim fails to state a claim upon which relief may be granted. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). Accordingly, the Court will forego discussion of Fata's other arguments.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 20th day of July 2023, in Columbia, South Carolina.

                                                                   <u>s/ Mary Geiger Lewis</u>
                                                                   MARY GEIGER LEWIS
                                                                   UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.